UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TORREY HUSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-02899-JMS-MG |
| ) | |
| PRETORIUS, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Torrey Huston filed a petition for a writ of habeas corpus challenging a Plainfield Correctional Facility disciplinary proceeding identified as IYC 21-05-0473. For the reasons explained in this Order, Mr. Huston's habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II.   The Disciplinary Proceeding

On May 27, 2021, Officer C. Meyer issued a Report of Conduct charging Mr. Huston with a violation of Offense Code B 231 for behavior involving an intoxicant. Dkt. 7. The Conduct Report states:

> On Thursday, May 27th, at approximately 7:30AM, I, Officer C. Meyer, was in G-Unit giving callouts when I observed Offender Huston, Torrey (#218188) (G3-3L) standing at his bunk, slouched over and swaying. I approached the offender and asked him to come with me out of the unit. During this time, the offender was stumbling, was slurring his words, and was unable to complete a coherent sentence. Offender Huston was placed in mechanical restraints and escorted to HSU, where he was deemed intoxicated.

*Id*.

On June 8, 2021, Mr. Huston was notified of the charges, pleaded not guilty, and requested a lay advocate. Dkt. 7-2. He also requested video footage of the event, *id*., but due to technical issues with the camera no footage was available, dkt. 7-6 at 1-2. A hearing was held on June 22, 2021, and Mr. Huston denied any wrongdoing. Dkt. 7-5. The DHO found Mr. Huston guilty based on staff reports, Mr. Huston's statements, witness statements, and a medical evaluation. *Id*. Mr. Huston received a loss of 90 days of earned credit time and a one-credit class demotion. *Id*.

Mr. Huston filed both of his appeals, and both were denied. Dkts. 7-7, 7-8, and 7-9. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, dkt. 1, for which Respondent provided a return, dkt. 7, and Mr. Huston submitted a reply, dkts. 8 and 9.

## III.   Analysis

Mr. Huston asserts a single ground to challenge his prison disciplinary conviction: that he was improperly denied video evidence. Dkt. 1 at 3-5.

### a.   Denial of Evidence

Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional

2

safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

In this case, The Report of Disciplinary Hearing Video Evidence Review indicates that there was no video. Dkt. 7-6. Since there was no video to provide, the prison cannot be said to have deprived Mr. Huston of an opportunity to review such evidence.

To the extent Mr. Huston is arguing that the lack of video evidence means there is insufficient evidence to support his guilty determination, that claim must also fail. In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Here, the Report of Conduct provides sufficient evidence to conclude Mr. Huston possessed an intoxicating substance. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (A Conduct Report "alone" can "provide[] 'some evidence' for the . . . decision."). Specifically,

the report noted Officer Meyer observed Mr. Huston "slouched over and swaying" and that he was "stumbling, was slurring his words, and unable to complete a coherent sentence." Dkt. 7-1. Moreover, the officer noted that Mr. Huston was "escorted to HSU, where he was deemed intoxicated." *Id*.

### IV. Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. This action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/3/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TORREY HUSTON
218188
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov